**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 13, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

IRVING H. BLUMENTHAL, JR.,
individually and on behalf of all
similarly situated insured of New York
Life Insurance and Annuity
Corporation,

        Plaintiff-Appellant,

v.

NEW YORK LIFE INSURANCE
AND ANNUITY CORPORATION,

        Defendant-Appellee.

No. 10-6246
(D.C. No. 5:08-CV-00456-F)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

Irving H. Blumenthal, Jr. appeals from the district court's grant of summary

judgment to New York Life Insurance and Annuity Corporation (NYLIAC) in this

suit concerning a universal life insurance policy that NYLIAC sold to

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Blumenthal in 1999. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## *Background*

NYLIAC issued to Mr. Blumenthal a universal life insurance policy dated June 12, 1999, that provided a death benefit of $1,000,000. The policy had a maturity date of June 12, 2032, and called for monthly premium payments of $4,420.50. But $4,420.50 per month was not enough to keep the policy in force through its maturity date. Without additional premium payments, the policy's cash value and death benefit would lapse at some point; exactly when depended on the credited interest rate and costs. Mr. Blumenthal asserted that he did not learn these critical facts until November 2006, when NYLIAC provided him with an illustration showing that the policy's cash value and death benefit would be zero as early as year 13 or as late as year 17 of the policy. After receiving this information, he cancelled the policy.

In April 2008, Mr. Blumenthal filed suit against NYLIAC for fraud and misrepresentation, breach of contract, unjust enrichment, and recission. The district court granted NYLIAC's motion for summary judgment on the ground that each claim was barred by the applicable Oklahoma statutes of limitation. The court concluded that certain written materials provided to Mr. Blumenthal in connection with the issuance of the policy were sufficient to put him on notice of

the basis of his claims in 1999, making his 2008 suit untimely.  Mr. Blumenthal appeals.

*Analysis*

We review the district court's grant of summary judgment de novo.  *See Alexander v. Oklahoma*, 382 F.3d 1206, 1215 (10th Cir. 2004); *see also Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1290 (10th Cir. 1991) ("We review a district court's ruling on the applicability of a statute of limitations de novo.").  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "[I]f the statute of limitations depends on disputed [material] facts, then summary judgment is inappropriate."  *Wolf v. Preferred Risk Life Ins. Co.*, 728 F.2d 1304, 1306 (10th Cir. 1984).

Having considered the briefs and the record, we conclude that the district court did not err in determining that Mr. Blumenthal should have been on notice of the basis of his claims long before November 2006.  It is undisputed that in July 1999, Mr. Blumenthal was provided pages 5 and 6 of a certain policy illustration.  The information set forth in those pages would put a reasonable person on notice that the anticipated premiums might be insufficient to maintain the policy until its maturity date, and that the policy coverage could end as early as year 6.  Mr. Blumenthal admitted that he never would have bought the policy if he had read this information when it was provided to him.  Accordingly, for

substantially the same reasons stated by the district court in its Order filed on September 27, 2010, the judgment of the district court is AFFIRMED.

Entered for the Court


Michael R. Murphy
Circuit Judge